IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3156 |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO ALAMILLA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a motion for bill of particulars,
filing 26.  The defendant claims a "[b]ill of particulars is
required so that defendant may be fully informed of the
specifics of the firearm charge brought against him with
sufficient accuracy to file pretrial motions in this case and to
properly prepare for trial."  Filing 26, ¶ 1.  The defendant
claims that a bill of particulars is needed to ascertain whether
he may raise double jeopardy as a bar to prosecution.  For the
reasons discussed hereafter, the defendant's motion will be
denied.

According to the parties' briefs, the defendant was
previously convicted and sentenced to three to five years in
state prison by a state court for the same conduct underlying
this federal indictment.  Filings 25 and 28.  However, "[w]hile
one sovereign may not place an individual in jeopardy twice for
the same acts, a subsequent prosecution by a separate sovereign
does not violate the Constitution."  U.S. v. Vinson, 414 F.3d
924, 928-29 (8th Cir. 2005).  Federal and state governments are
separate sovereigns.  When a defendant in a single act violates
the peace and dignity of two sovereigns by breaking the laws of
each, he has committed two distinct offenses and can be
prosecuted and punished for both.  Heath v. Alabama, 474 U.S. 82,
89 (1985).

The defendant contends, however, that the "Bartkus exception" to the dual sovereignty rule may be applicable to this case. Bartkus v. Illinois, 359 U.S. 121 (1959). Bartkus suggested that when a state prosecution is initiated after a federal conviction for the same conduct, the state prosecution may violate the Double Jeopardy Clause if state prosecutors were acting as mere "tools" of the federal government, thereby rendering the state prosecution a de facto second federal prosecution. Bartkus, 359 U.S. at 123-24; Vinson, 414 F.3d at 928-29; U.S. v. Leathers, 354 F.3d 955, 960 (8th Cir. 2004).[1]

A defendant claiming double jeopardy bears the initial burden to establish a non-frivolous prima facie claim. If this threshold showing is made, a separate evidentiary hearing may be required. U.S. v. Hively, 437 F.3d 752, 762 (8th Cir. 2006). A defendant raising the Bartkus exception bears the burden of producing prima facie evidence of collusion between federal and state law officials such that their actions are deemed that of only one sovereign. Absent prima facie evidence of collusion between state and federal authorities and federal domination over state prosecutorial conduct, a defendant is not entitled to a hearing on his Bartkus exception claim. U.S. v. Zone, 403 F.3d 1101, 1106 (9th Cir. 2005)(denying defendant's request for an evidentiary hearing on the Bartkus exception where the defendant did not present evidence of undue coercion or collusion by federal authorities); U.S. v. Russotti, 717 F.2d 27, 31 (2d Cir.

---

[1]The Eighth Circuit refers to this language in Bartkus as "dicta," and has never explicitly held that the "Bartkus exception" is applicable when, as in this case, the federal prosecution follows a state conviction. Vinson, 414 F.3d at 929; Leathers, 354 F.3d at 960; U.S. v. Basile, 109 F.3d 1304, 1307 (8th Cir. 1997). I need not define the scope of the exception because irrespective of which prosecution came first, I conclude defendant's motion should be denied.

1983)(refusing to remand for an evidentiary hearing because "the appellants offered little in the way of proof of federal orchestration of the state murder trial other than the barest conclusory allegations").

Defendant argues that although "SAUSA Wagner has already told defense counsel that there were no discussions between her and any county attorney prior to Alamilla being sentenced" by the Hall County District court, (filing 25, p. 5), "the fact that SAUSA Wagner is also a Deputy Hall County Attorney may create potential issues regarding how the federal prosecution was ultimately brought against Alamilla." Filing 25, p. 5. However, "[c]ooperation between local and federal law enforcement officers does not in itself affect the identity of the prosecuting sovereign." U.S. v. Johnson, 169 F.3d 1092, 1096 (8th Cir. 1999)(citing Bartkus, 359 U.S. at 123; United States v.Moore, 822 F.2d 35, 38 (8th Cir. 1987). Johnson held the Bartkus exception was inapplicable where the federal prosecution was handled by a county attorney holding a dual appointment as a Special Assistant United States Attorney, but the state prosecution was handled by a different county attorney. "[E]very circuit to consider the issue has . . . held that the cross-designation of a state district attorney as a federal official to assist or even to conduct a federal prosecution does not by itself bring a case within the Bartkus exception to the dual sovereignty doctrine." United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483, 495 (2nd Cir. 1995)(cited in Johnson, 169 F.3d at 1096). "As a practical matter. . . under the criteria established by Bartkus itself it is extremely difficult and highly unusual to prove that a prosecution by one government is a tool, a sham or a cover for the other government." United States v. Figueroa-Sota, 938 F.2d. 1015, 1018-19 (9th Cir. 1991).

The defendant acknowledges that he cannot currently present a sufficient prima facie showing in support of the Bartkus

3

exception.  The purpose of his motion for bill of particulars is to gather this evidence because "he cannot file a motion to dismiss on due process or double jeopardy grounds unless and until the Government gives to him the foundational information related to how the federal prosecution against him was brought." Filing 25, p. 4.  Specifically, the defendant seeks information concerning:

> 1.   The discussions between the U.S. Attorney's Office and the Hall County Attorney's Office regarding the decision to pursue a federal indictment against the defendant;
>
> 2.   The identity of the person or persons who referred defendant's case for federal prosecution, the reasons therefor, and the dates of any discussions between any Assistant or Special Assistant U.S. Attorney and any state prosecutor or task force member or case agent related to the federal referral; and
>
> 3.   The substance of any discussions regarding the federal firearm charge being brought against Alamilla and whether the related state prosecution was referenced when discussing the federal prosecution.

Filing 24.

The purpose of a bill of particulars is to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).  Defendant Alamilla does not claim the federal

indictment renders him unable to adequately prepare for trial
because it fails to reasonably inform him of the nature of the
pending charges, nor that it is so vague and indefinite as to
preclude a double jeopardy challenge.  Indeed, the defendant's
motion for bill of particulars is not seeking information to
determine whether he is being prosecuted twice for the same
offense.  See United States v. Rogers, 617 F.Supp. 1023, 1028
(D.C. Colo. 1985)(relied on in defendant's brief--filing 25,
pp.3-4).  Rather, he seeks information to determine whether he
is, in essence, being prosecuted twice by the same sovereign.

     The defendant has not cited, and the court has not found,
any case where a motion for bill of particulars was ordered for
this purpose.  See also U.S. v. Zone, 403 F.3d 1101, 1107 (9th
Cir. 2005)(holding the defendant was not entitled to Rule 16
discovery regarding the Bartkus exception because he did not make
a preliminary showing of "inter-sovereign collusion," as opposed
to mere "inter-sovereign cooperation").  Even though this
defendant is arguably left with no or limited means to obtain
information needed to make a prima facie showing of double
jeopardy, a bill of particulars is not the appropriate vehicle to
obtain such information.  A bill of particulars is not intended
and should not be ordered for the purpose of disclosing the
discussions, interactions, and cooperation between state and
federal prosecuting and law enforcement authorities.

     IT THEREFORE HEREBY IS ORDERED:  The defendant's motion for
bill of particulars, filing 26, is denied.

     DATED this 8th day of March, 2007.

                         BY THE COURT:

                         s/ David L. Piester
                         David L. Piester
                         United States Magistrate Judge

5