IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:06CR3156 |
| v. | ) | |
| RICARDO ALAMILLA, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Ricardo Alamilla (Alamilla or defendant) has filed a § 2255 motion and an amended § 2255 motion. Because it plainly appears from the submission of the defendant and the files and records that he is plainly not entitled relief, I deny the motion with prejudice. In so doing, I thank Michael Gooch, appointed defense counsel, for accepting this Criminal Justice Act appointment and for his good work on behalf of his client.

Alamilla had a criminal history category of V and he was a member of the East Side Locos street gang when I originally sentenced him for distribution of meth and a consecutive sentence for possession of a firearm during a drug trafficking offense. Within roughly two months after getting out of prison, he violated his conditions of supervised release by driving drunk and being a prohibited person in possession of a deadly weapon (a knife).

The state judge sentenced him to 3 to 5 years in prison for the weapon and 60 days for driving under the influence. After he admitted the conduct just described, I sentenced the defendant to 60 months in prison and 60 months on supervised release to run consecutive to the state sentence. Through his excellent assistant federal public defender, Alamilla appealed. That appeal was unsuccessful.

Alamilla now claims that his assistant federal public defender rendered ineffective assistance of counsel because the grade of offense for the state charges that

served as the predicate for the supervised release violation was actually a "B" rather than an "A" and the public defender did not object to the probation officer's allegedly erroneous calculation. The assistant federal public defender, agreeing that he did not object, has withdrawn and I have appointed new counsel.

The parties assume that state charges (that the defendant was ultimately convicted of committing) should have been graded a "B" rather than an "A" for purposes of a supervised released violation. I assume that as well. They assume also that the Guideline range would have fallen as a result and I assume that too. But as I made it clear at the sentencing hearing, I thought it necessary to impose the maximum prison sentence, a substantial period of supervised release and run the sentences consecutive to the state charges, because of the defendant's record, because of the recency of his violation of supervised release after getting out of prison and because all the relevant statutory sentencing factors required such a sentence.

Indeed, I tipped the parties off about my inclination *before* sentencing. I stated the following immediately before hearing from the lawyers and the defendant regarding the proper sentence:

> THE COURT: Thank you. Are the parties prepared to proceed to sentencing at this time?
>
> MR. GILLAN: Yes, Your Honor.
>
> MR. VANDERSLICE: Yes.
>
> THE COURT: Before we do, I want to ask a question. I'm going to ask this of the lawyers and not the probation officer.
>
> I want to know, given this young man's criminal history, why I shouldn't sentence him to sixty months in prison, consecutive to the state sentence, and then add on an additional sixty months of supervised release.
>
> I'll hear you now in allocution.

(Filing no. 133 at CM/ECF pp. 11-12.)

In other words, I can and do state beyond any reasonable doubt that I would have imposed the same sentence no matter the grade of the underlying state offenses. If counsel (and the rest of us) erred on the grade of the predicate offenses, that error was harmless beyond a reasonable doubt.

In short, even if the assistant federal public defender erred, it would not have made a difference. Accordingly, under the second *Strickland* prong, the defendant cannot establish prejudice and thus he cannot establish an entitlement to relief.[1] As for the other claims asserted by Alamilla (1) the Supreme Court's decision in *Beckles* forecloses application of *Johnson*[2] to his initial sentence; (2) the Supreme Court's decision in *Beckles* does not have any bearing on the supervised release violation sentence for a wide variety of evident reasons, and (3) to the extent the defendant asserts any other claims, they are frivolous.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

---

[1] An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both of the *Strickland* prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating, among other things, that no evidentiary hearing is required where "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief . . . ").

[2] *Johnson* would not apply anyway.

IT IS ORDERED that the § 2255 motion (filing no. 122) and the amended § 2255 motion (filing no. 131) are denied with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be entered.

DATED this 11th day of August, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge